## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

————————————————————
                                          :
MARC MASSARO,                             :
BENJAMIN BERNSTEIN, and,                  :
GREG AIKENS,                              :
both individually and on behalf of        :
of all others similarly situated,         :
                                          :
          Plaintiffs,                     :  CIVIL ACTION
                                          :
          v.                              :  No.:
                                          :
VELOCITY INVESTMENTS, LLC                 :  **COMPLAINT – CLASS ACTION**
                                          :
          Defendant.                      :
                                          :  **JURY TRIAL DEMANDED**
————————————————————:

Plaintiffs MARC MASSARO, BENJAMIN BERNSTEIN and GREG AIKENS,

("Massaro", "Bernstein" and "Aikens",  respectively) (collectively the "Plaintiffs"), individually

and on behalf of all others similarly situated, and for their Complaint against Defendant

VELOCITY INVESTMENTS, LLC ("Defendant" or "Velocity") state as follows:

## I.     <u>INTRODUCTION</u>

1.      This is an action brought against Defendant Velocity by the Plaintiffs,

individually and on behalf of all others similarly situated, for Velocity's violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") which prohibits debt

collectors from engaging in abusive, deceptive, and unfair practices; and, the Unfair Trade

Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. §§ 201, *et seq*.

2.      Defendant Velocity illegally purchased hundreds of defaulted consumer loans

(hereinafter "loans" or "accounts") involving Pennsylvania consumers, and then illegally

instituted litigation and/or collection efforts against those consumers; all of which was done in

violation of Pennsylvania banking law, specifically, the Consumer Discount Company Act ("CDCA"), 7 Pa. Stat. §§ 6201, et seq.

## II. **PARTIES**

3.      Plaintiff Marc Massaro is a natural person who resides in the City and  County of Philadelphia, State of Pennsylvania and has resided there for all times relevant to the Complaint. Massaro is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3); and is a person affected by violations of the FDCPA with standing to bring this claim under 15 U.S.C. §1692.

4.      Plaintiff Benjamin Bernstein is a natural person who resides in the City of West Chester, County of Chester, State of Pennsylvania and has resided there for all times relevant to the Complaint.  Bernstein is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3); and is a person affected by violations of the FDCPA with standing to bring this claim under 15 U.S.C. §1692.

5.      Plaintiff Greg Aikens is a natural person who resides in the Borough of Wyomissing, County of Berks, State of Pennsylvania and has resided there for all times relevant to the Complaint.  Aikens is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3); and is a person affected by violations of the FDCPA with standing to bring this claim under 15 U.S.C. §1692.

6.      Defendant Velocity Investments, LLC is a limited liability company with a principal place of business located in Wall, New Jersey. Velocity is "debt collector", as that term is defined by 15 U.S.C. § 1692(a)(6), whose primary services involve collecting debts.[1]

---

[1] *see, e.g.*, https://velocityrecoveries.com/about-velocity/ (last visited April 7, 2020) stating:

Founded in 2003, Velocity Recoveries has more than a decade of experience using a comprehensive collection strategy to convert distressed receivables to cash. Our combination of a proven collection network, sophisticated analytics, adherence to high legal and ethical

7.     Velocity's debt collection activities include purchasing defaulted consumer loans from consumer discount companies licensed under the Consumer Discount Company Act, 7 Pa. Stat. §§ 6201, *et seq.* ("CDCA").

8.     Velocity collects the debt it purchases, either directly or indirectly, by calling consumers, sending consumers letters, and filing lawsuits against consumers.

9.     Velocity uses instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect debts.

---

standards and a strong focus on client attention work together to enable us to find satisfactory  account resolution solutions for consumers while maintaining the value of our client's receivables.

Velocity Recoveries is focused on providing outsourced legal collection solutions for credit grantors, debt buyers, hospitals, utility companies and other owners and originators of consumer receivables.

Velocity combines our strong expertise in legal based collection solutions with our sophisticated account management methodology, and a technologically advanced and compliance focused management system across our network of legal representatives located in all fifty states.

Velocity Recoveries offers creditors and debt buyers an opportunity to partner with a servicer that has extensive expertise managing accounts receivable from both a pre-legal collection and litigation perspective. Velocity will diligently pursue the collection of past due retail and commercial account receivables by providing advanced scoring and in-house skip tracing functionality, along with national forwarding and network management solutions. Velocity yields superior performance by providing valuable services to its clients, while maintaining compliance to all state and federal laws.

We realize that our attorneys, collectors, staff and management are all extensions of your business and we take this role very seriously. With over 60 collective years of industry experience, Velocity is able to build customized liquidation strategies that exceed client requirements all in an effort to maximize liquidation while minimizing risk."

### III.    JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction of Plaintiffs' federal law claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.The Court has subject matter jurisdiction of Plaintiffs' state law claims under 28 U.S.C. § 1367 because Plaintiffs' state law claims are so related to the federal claims that they form part of the same case or controversy.

11.     The Court has personal jurisdiction over Defendant because Plaintiffs' claims arose in this district and Defendant does substantial business in this district.

12.     Venue is proper in this District because, pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### IV.    THE CONSUMER DISCOUNT COMPANY ACT

13.     The Consumer Discount Company Act ("CDCA"), 7 Pa. Stat. §§ 6201, *et seq*.,  is a consumer protection law enacted by the Pennsylvania legislature in 1937.

14.     The CDCA regulates personal consumer loans in amounts of $25,000 or less, with interest and fees that aggregate in excess of the six percent interest rate cap set forth in the Loan Interest Protection Law ("LIPL"). 7 Pa. Stat. § 6203; 41 Pa. Stat. § 201(a).

15.     The CDCA requires a consumer discount company license to collect or receive interest and fees in excess of the LIPL's interest rate cap. 7 Pa. Stat. § 6203.A.

16.     Consumer discount company licenses issued under the CDCA are not assignable. 7 Pa. Stat. § 6208.

17.     Licensed consumer discount companies cannot assign their rights under the CDCA to collect or receive interest and fees that exceed the LIPL's interest rate cap. 10 Pa. Code § 41.6(a).

18.    The CDCA prohibits unlicensed debt buyers from purchasing CDCA loans from licensed consumer discount companies unless the Department of Banking issues prior written approval. 7 Pa. Stat. § 6214.I; 10 Pa. Code § 41.6(a).  *Accord*, November 19, 2001 Letter from Pennsylvania Department of Banking, at pp. 5, 6 and 7. **See Exhibit A**, available at Department of Banking's official website:

https://www.dobs.pa.gov/Documents/Interpretive%20Letters/Consumer%20Discount%20Company%20Act/CDCA%20Issues%20111901.pdf

19.    At all times relevant hereto, Velocity did not have a Pennsylvania Consumer Discount Company license, nor did it have prior written approval from the Pennsylvania Department of Banking to purchase CDCA loans.

20.    Velocity's lack of a Pennsylvania Consumer Discount Company license can be confirmed through a search of the Pennsylvania Department of Banking's official website available at: http://www.instsearch.pa.gov/ (search parameters: Select "Non Depository" > Select type of license: "Consumer Discount Companies", > Enter Defendant's name).

## V.    FACTUAL ALLEGATIONS SPECIFIC TO MASSARO

21.    On August 7, 2019, Velocity sued Plaintiff Massaro in the Philadelphia Court of Common Pleas, Docket No. 2019-00660, seeking judgment on a loan balance in the amount of $22,276.16 plus costs.

22.    Velocity claimed it acquired the loan from LendingClub Corporation.

23.    Plaintiff Massaro was forced to defend the case, and pay for legal counsel.

24.    The amount original financed by the loan was $22,560, with an annual interest rate of 22.51%.

25.    Said loan was used for personal, family or household purposes and was to be repaid over a 5-year period.

26.     Said loan is governed by the CDCA.

27.     Through the lawsuit, Velocity attempted, and continues to attempt, to unlawfully collect on the unpaid balance of the loan which included an interest rate in excess of the LIPL's 6% cap.

28.     The lawsuit filed by Velocity against Plaintiff Massaro constituted an unlawful, unfair and deceptive means to collect a debt because Velocity was not permitted to acquire the loan, or collect or sue on the loan under the CDCA.

29.     As a result of Velocity's illegal actively, Plaintiff Massaro has suffered an ascertainable loss, including paying money for legal assistance.

30.     As a result of Velocity's aforesaid illegal lawsuit and collection activities, Plaintiff Massaro has suffered emotional distress, anxiety, worry, fear, confusion, stress and annoyance.

## VI.    FACTUAL ALLEGATIONS SPECIFIC TO BERNSTEIN

31.     On July 1, 2019, Velocity sued Plaintiff Bernstein in Chester County, Magisterial District Court No. 15-2-03, Docket No. 2019-cv-141, seeking judgment on a loan balance in the amount of $6,496.66 plus costs.

32.     Velocity claimed it acquired the loan from LendingClub Corporation, servicer for WebBank.

33.     Plaintiff Bernstein entered a defense and, prior to trial, settled the case with Velocity for the sum of $5,345.

34.     The original amount financed by loan was $17,280, with an annual percentage rate of 14.38%%.

35.     Said loan was used for personal, family or household purposes and was to be repaid over a 3-year period.

36.     Said loan is governed by the CDCA.

37.     Through the lawsuit, Velocity attempted to, and did, unlawfully collect from Plaintiff Bernstein a percentage of unpaid balance of the loan which included an interest rate in excess of the LIPL's 6% cap.

38.     The lawsuit filed by Velocity against Plaintiff Bernstein and constituted an unlawful, unfair and deceptive means to collect a debt because Velocity was not permitted to acquire the loan, or collect or sue on the loan under the CDCA.

39.     As a result of Velocity's aforesaid illegal activities, Plaintiff Bernstein suffered an ascertainable loss, including but not limited to paying Velocity monies to which it was not entitled.

40.     As a result of Velocity's aforesaid illegal lawsuit and collection activities, Plaintiff Bernstein suffered emotional distress, anxiety, worry, fear, confusion, stress and annoyance.

## VII.    FACTUAL ALLEGATIONS SPECIFIC TO AIKENS

41.     On November 26, 2019, Velocity sued Plaintiff Aikens in Berks County, Magisterial District Court No. 23-2-02, Docket No. 2019-cv-258, seeking judgment on a loan balance in the amount of $3,911.38 plus costs.

42.     Velocity claimed it acquired the loan from OneMain Financial.

43.     Plaintiff Aikens entered a defense, retained counsel, and, after trial on March 10, 2020, obtained judgment in his favor and against Velocity; said judgment having been entered March 16, 2020.

44.     Documents introduced at trial by Velocity revealed that the original amount financed by the loan was $6,200 with an annual percentage rate of 20.39%; and that said loan

was used for personal, family or household purposes, and was to be repaid over a three-year period.

45.    Said loan is governed by the CDCA.

46.    Through the lawsuit, Velocity attempted to unlawfully collect on the unpaid balance of the loan, inclusive of the interest rate in excess of the LIPL's 6% cap.

47.    The lawsuit filed by Velocity against Plaintiff Aikens constituted an unlawful, unfair and deceptive means to collect a debt because Velocity was not permitted to acquire the loan, or collect or sue on the loan under the CDCA.

48.    As a result of Velocity's illegal actively, Plaintiff Aikens suffered an ascertainable loss, including but not limited to the cost of retaining an attorney to defend the lawsuit.

49.    As a result of Velocity's aforesaid illegal lawsuit and collection activities, Plaintiff Aikens suffered emotional distress, anxiety, worry, fear, confusion, stress and annoyance.

## VIII.  FACTUAL ALLEGATIONS RELEVANT  TO THE PLAINTIFFS, THE CLASS AND THE SUBCLASS

50.    The Plaintiffs incorporate the forgoing paragraphs as if fully stated herein.

51.    Based on the allegations herein, all of the accounts on which Velocity has collected or attempted to collect from the Plaintiffs and the Class and Subclass members are personal loans covered by the CDCA. 7 Pa. Stat. §§ 6203.A, 6213.

52.    At all times relevant herein, Velocity did not have  a consumer discount company license under the CDCA when it purchased from the original creditors the Accounts of the Plaintiff, the Class and/or Subclass members.

53.    At all times relevant herein, Velocity did not have a consumer  discount company license under the CDCA when Velocity initiated collection actions, including but not limited to

letters, telephone calls and/or electronic correspondence against either Massaro, Bernstein, Aikens, and/or members of the putative Class.

54.    At all times relevant herein Velocity did not have a consumer discount company license under the CDCA when Velocity initiated litigation against either Massaro, Bernstein, Aikens, and/or members of the putative Subclass.

55.    At all times relevant herein, Velocity did not have a consumer discount company license under the CDCA; and, therefore, could not lawfully purchase from the original creditors the Accounts of the Plaintiffs, the Class and the Subclass.  7 Pa. Stat. § 6214.I; 10 Pa. Code § 41.6(a).

56.    Under the CDCA, the only way Velocity could have lawfully purchased the Accounts was by either possession a consumer discount license, or by having obtained written approval from the Pennsylvania Department of Banking—Velocity had neither.

57.    Velocity illegally attempted to collect and receive from all plaintiffs, class and sub-class members precomputed interest and fees in excess of the LIPL's six-percent interest rate cap.

58.    The sale of the Accounts was void and legally unenforceable.

59.    Velocity lacked lawful authority to collect or sue on the Accounts of Plaintiffs or class members, or sue Plaintiffs.

IX.    **PLAINTIFFS, CLASS MEMBERS AND SUBCLASS MEMBER'S DAMAGES**

60.    The Plaintiffs incorporate all of the allegations contained in the foregoing paragraphs as if fully stated herein.

61.    Velocity engaged in the conduct described herein on a systemic basis.

62.    Velocity purchases large tranches of defaulted CDCA loans from licensed consumer discount companies, and then tries to collect or receive the full remaining balance of these loans from Pennsylvania consumers.

63. Velocity did so despite the fact that it knew it was not licensed under the CDCA to purchase such loans.

64. Velocity also did so despite the fact that it knew it did not have approval from the Pennsylvania Department of Banking to purchase such loans.

65. Even had Velocity obtained approval from the Pennsylvania Department of Banking to purchase CDCA loans, Velocity intentionally disregarded its legal obligation to forgo collecting or receiving previously charged or precomputed interest and fees in excess of the LIPL's six percent rate cap.

66. Velocity intentionally and knowingly acted in violation of Pennsylvania state banking law and continues to do so unabatedly on a widespread, statewide basis.

67. As a result of the actions of Velocity, Plaintiff Bernstein and members of the Subclass were coerced into entering settlements either before, during, or after litigation and pay monies to Velocity based on Velocity's misrepresentations as to its ability to collect on the debt.

68. As a result of Velocity's illegal actions, Plaintiffs Massaro and Aikens and members of the Class and Subclass have been forced to retain counsel and incur legal expenses in order to defend the lawsuits.

69. Plaintiffs, the Class and Subclass were forced to defend themselves against the illegal collection efforts of Velocity, as Velocity lacked any legal authority to collect these debts and misrepresented its legal right to do so.

70. As a result of the actions of Velocity's misrepresentations in attempting to collect the debts owed by the Plaintiffs, Class members and Subclass members, each of the Plaintiffs, Class members and Subclass members have suffered emotional distress and anguish.

## X.    CLASS ALLEGATIONS

71. **Class Definition.** Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23, on

behalf of a statewide class of similarly situated individuals and entities (the "Class") defined as

follows:

> All current and former residents of Pennsylvania to whom Velocity has sent any written or verbal communications to collect a debt with regard to a loan or account subject to the Pennsylvania Consumer Discount Act ("CDCA"), which loan or account Velocity purchased from an entity holding a Pennsylvania consumer discount license under the CDCA.

> Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

72.     **Subclass Definition:** Plaintiffs also bring this action pursuant to Fed. R.

Civ. P. 23, on behalf of a Subclass of similarly situated individuals (the "Subclass") defined as

follows:

> All current and former residents of Pennsylvania, (1) to whom Velocity has sent any written or verbal communications to collect a debt with regard to a loan or account subject to the Pennsylvania Consumer Discount Act ("CDCA"), which loan or account Velocity purchased from an entity holding a Pennsylvania consumer discount license under the CDCA, and, (2) against whom Velocity initiated litigation against the Subclass member.

> Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

73.     **FDCPA Subclass Definition.** Plaintiffs also bring this action pursuant to Fed. R.

Civ. P. 23, on behalf of a Subclass of similarly situated individuals (the "FDCPA Subclass"),

defined as follows:

All current and former residents of Pennsylvania to whom, between April 8, 2019 and the present, Velocity has sent any written or verbal communications to collect a debt with regard to a loan or account subject to the Pennsylvania Consumer Discount Act ("CDCA"), which loan or account Velocity purchased from an entity holding a Pennsylvania consumer discount license under the CDCA.

Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

74.    **UTPCPL Subclass Definition.** Plaintiffs also bring this action pursuant to Fed. R. Civ. P. 23, on behalf of a Subclass of similarly situated individuals (the "UTPCPL Subclass"), defined as follows:

All current and former residents of Pennsylvania to whom, between April 8, 2014 and the present, Velocity has sent any written or verbal communications to collect a debt, or who were sued by Velocity, with regard to a loan or account subject to the Pennsylvania Consumer Discount Act ("CDCA"), which loan or account Velocity purchased from an entity holding a Pennsylvania consumer discount license under the CDCA.

Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

75.    **Numerosity:** Upon information and belief, the Class, the Subclass, the FDCPA Subclass and the UTPCPL Subclass are each comprised of hundreds of Class members. In fact, public dockets available online indicate the Velocity has filed a multitude of cases in both Magisterial District and Common Pleas Courts against individuals throughout this Commonwealth, significantly over a threshold amount of forty (40). Thus, the Class and

Subclasses are so numerous that joinder of all members is impracticable. Class members can easily be identified through Defendants' records.

76.    **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiffs, the Class, the Subclass, the FDCPA Subclass, and the UTPCPL Subclass members, which predominate over any individual issues, including:

a.    Whether Velocity was a licensed entity under the CDCA at all times relevant to the Complaint;

b.    Whether Velocity made a communication, written or telephonic, to collect a debt misrepresenting Velocity's legal status to collect the debt;

c.    Whether Velocity made a communication, written or telephonic, to collect a debt with interest rates in violation of the LIPL;

d.    Whether Velocity had legal standing to initiate litigation against the Plaintiffs, members of Subclass, FDCPA Subclass, and the UTPCPL Subclass;

e.    Whether Velocity obtained prior written approval from the Pennsylvania Department of Banking authorizing its purchases of the loans under the CDCA;

f.    Whether each Plaintiff, Class members, Subclass Member and FDCPA Subclass members are "consumers" as that term is defined by the FDCPA;

g.    Whether each Plaintiff, Class members, Subclass Member and UTPCPL Subclass members are "consumers" as that term is defined by the UTPCPL;

h.    Whether Velocity is a debt collector as that term is defined by the FDCPA;

i.    Whether Velocity is a covered entity under the UTPCPL;

j.    Whether the debt owed by the Plaintiffs, Class members and FDCPA Subclass members is a debt as that term is defined by the FDCPA;

    k.   Whether the debt owed by the Plaintiffs, Class members and UTPCPL Subclass members is a debt as that term is defined by the UTPCPL; and

    l.   Whether Velocity is liable for the damages suffered by the Plaintiffs, Class Members, Subclass members, FDCPA Subclass members and/or UTPCPL Subclass members as a result of Velocity's violation(s) of the CDCA and the FDCPA.

77.    **Typicality**: Plaintiffs' claims are typical of the claims of members of the Class, the Subclass, the FDCPA Subclass, and the UTPCPL Subclass. All claims are based on the same legal and factual issues. Each Plaintiff and each of the Class, Subclass, FDCPA Subclass and UTPCPL Subclass members are the subject of illegal collection attempts by virtue of Velocity's not having a consumer discount company license as required under the CDCA.  Velocity's conduct was uniform to the Plaintiffs, Class members, Subclass members, FDCPA Subclass Members, and UTPCPL Subclass members.

78.    **Adequacy of Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class, Subclass, the FDCPA Subclass, and the UTPCPL Subclass, and have retained counsel competent and experienced in complex class actions. None of the Plaintiffs have an interest antagonistic to those of members of the Class, Subclass, FDCPA Subclass and UTPCPL Subclass, and Defendant has no defenses unique to Plaintiffs.  The questions of law and fact common to the proposed Class, Subclass, FDCPA Subclass, and UTPCPL Subclass predominate over any questions affecting only individual members of the Class, Subclass, FDCPA Subclass, and/or UTPCPL Subclass.

79.    **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class, Subclass, FDCPA

Subclass and/or UTPCPL Subclass to prosecute their claims individually. The trial and the litigation of Plaintiffs' claims are manageable.

80. Pursuant to Fed. R. Civ. P. 23(b)(3), this matter is properly maintainable as a class action.

**COUNT I:**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692***, et seq.*
**(On behalf of Plaintiffs, the Class, Subclass, and FDCPA Subclass)**

81. The Plaintiffs incorporate all of the allegations contained in the foregoing paragraphs as if fully stated herein.

82. Each of the Plaintiffs, the Class, Subclass, and FDCPA Subclass members is a consumer under the FDCPA, 15 U.S.C. § 1692a(3).

83. Each Account of the Plaintiff, the Class Subclass and FDCPA Subclass members is a debt under the FDCPA, 15 U.S.C. § 1692a(5).

84. Velocity is a debt collector under the FDCPA, 15 U.S.C. §§ 1692a6).

85. Velocity's actions and practices described herein constitute violate the FDCPA in at least the following respects:

a) false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

b) unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

c) attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1);

d) threating to take an action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5);

e) falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2);

f) using false misrepresentations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(2).

86. As a result of Velocity's failure to comply with the provisions of the FDCPA, and the resulting injury and harm Velocity's failure caused, each of the Plaintiffs, the Class members, Subclass Members and FDCPA Subclass members is entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

## COUNT II:
**Violation of the Unfair Trade Practices and Consumer Protection Law
73 Pa. Stat. §§ 201-1 et seq.
(On behalf of Plaintiffs, the Class, Subclass and UTPCPL Subclass)**

87. The Plaintiffs incorporate all of the allegations contained in the foregoing paragraphs as if fully stated herein.

88. Velocity, the Plaintiffs, members of the Class and members of the Subclass and the UTPCPL Subclass are persons under the UTPCPL, 73 Pa. Stat. §§ 201-2(2).

89. The Accounts of the Plaintiffs, members of the Class, members of the Subclass and the members of the UTPCPL Subclass arose from the purchase or lease of goods or services primarily for personal, family or household purposes under the UTPCPL, 73 Pa. Stat. §§ 201-9.2.

90. Velocity's actions and practices described herein were conduct which is part of trade or commerce under the UTPCPL, 73 Pa. Stat. §§ 201-2(3).

91. Velocity's actions and practices described herein constitute as unfair methods of competition, and unfair or deceptive acts or practices under the UTPCPL because Velocity has engaged in, and is engaging in, fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding. 73 Pa. Stat. § 201-2(4)(xxi).

92.     Velocity's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce is in violation of 73 Pa. Stat. § 201-3.

93.     Each of the Plaintiffs, members of the Class, members of the Subclass and members of the UTPCPL Subclass incurred an ascertainable loss of money or property as a result of Velocity's violations, and, therefore is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 Pa. Stat. § 201-9.2.

WHEREFORE Plaintiffs Marc Massaro, Benjamin Bernstein and Greg Aikens, individually and on behalf of the Class, Subclass, FDCPA Subclass, and UTPCPL Subclass, respectfully request that judgment be entered in their favor and against Defendant VELOCITY INVESTMENTS, LLC as follows:

A.     That the Court find that this action satisfies the prerequisites for maintenance as a class action and certifying the Class, Subclass, FDCPA Subclass and/or UTPCPL Subclass defined herein;

B.     That the Court appoint Plaintiffs as representative of the Class, Subclass, FDCPA Subclass and/or UTPCPL Subclass as applicable;

C.     That the Court appoint Plaintiffs' Counsel as Counsel for the Class, Subclass, FDCPA Subclass and/or UTPCPL Subclass;

D.     That the Court enter judgment in favor of Plaintiffs, the Class, Subclass and FDCPA Subclass against Velocity for the allegations contained in Count One;

E.     That the Court enter judgment in favor of the Plaintiffs, the Class, Subclass and UTPCPL Subclass against Velocity for the allegations contained in Count Two;

F.     That the Court award to the Plaintiffs, Class and Subclass, FDCPA Subclass and UTPCPL Subclass actual and statutory damages and all other forms of available relief as to each and every Count, as applicable;

G.     That the Court award to the Plaintiffs, the Class, Subclass and FDCPA Subclass Velocity actual and statutory damages for the allegations contained in Count One;

H.     That the Court award the Plaintiffs, the Class, Subclass and UTPCPL Subclass against Velocity actual and statutory damages and for the allegations contained in Count Two;

I.    That the Court award Counsel for the Plaintiffs, Class, Subclass, FDCPA Subclass and UTPCPL Subclass' attorney's fees and costs, including interest thereon as allowed or required by law; and

J.    Granting all such further and other relief as the Court deems just and appropriate.

## **JURY DEMAND**

Plaintiffs,  Class Members and Members of all Sub-Classes hereby demand trial by jury on all triable claims.

Respectfully Submitted,

LAW OFFICE OF JOSEPH M. ADAMS
By: /s/ Joseph M. Adams
Joseph M. Adams, Esq.
Pa. Atty. ID No: 58430
200 Highpoint Drive
Suite 211A
Chalfont, PA  18914
Tele:  215-996-9977
josephmadamsesq@verizon.net

Marc E. Dann (OH 0039425)
Brian D. Flick (OH 0081605)
Dannlaw
P.O. Box 6031040
Cleveland, OH  44103
Tele: 216-373-0539
Fax:  216-373-0536
notices@dannlaw.com
*Pro Hac Vice* Anticipated

*Attorneys for Plaintiffs, the putative Class and the putative Subclasses*